IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:16-CV-336-BR

| | |
|---|---|
| ARAMARK UNIFORM & CAREER APPAREL, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) **ORDER** |
| v. | )<br>) |
| DAVID A. HERNANDEZ, | )<br>) |
| Defendant. | ) |

This case comes before the court on the motion (D.E. 13) by plaintiff Aramark Uniform & Career Apparel, LLC ("plaintiff") to strike the answer filed by defendant David A. Hernandez ("defendant"), who is proceeding pro se. For the reasons set forth below, the motion will be denied.

## **Background**

On 1 November and 2 November 2016, defendant filed two documents (D.E. 8, 9), which appeared to be defendant's answer to the complaint (D.E. 1). By order entered 1 December 2016 (D.E. 10), the court informed defendant of several deficiencies in his filings. Specifically, defendant was informed that his purported answers lacked signatures, as well as his address, e-mail address, and telephone number, as required by Rule 11(a) of the Federal Rules of Civil Procedure.[1] 1 Dec. 2016 Ord. 1. The court also informed defendant that his purported answers failed to include a certificate of service, as required by Rule 5(d)(1). *Id.* at 2. The court permitted defendant until 19 December 2016 to correct the identified deficiencies. *Id.*

---
[1] All rules cited by number are Federal Rules of Civil Procedure.

On 19 December 2016, defendant filed an amended answer (D.E. 11). In it, he corrected each of the deficiencies identified by the court. In addition, though, he revised his responses to allegations in the complaint and added a number of affirmative defenses. Plaintiff argues that the changes reflected in the amended answer exceed those permitted by the 1 December 2016 Order and that defendant required leave before filing the amended answer. Plaintiff therefore seeks an order both striking the purported answer and requiring defendant to file an answer that reflects only those changes permitted in the 1 December 2016 Order.

## Discussion

Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike defenses is "a drastic remedy . . . and is infrequently granted." *First Fin. Sav. Bank v. American Bankers Ins. Co.*, 783 F. Supp. 963, 966 (E.D.N.C. 1991); *see also Morrisroe v. Goldsboro Milling Co.*, 884 F. Supp. 192, 194 (E.D.N.C. 1994) ("Motions to strike a defense as legally insufficient are generally disfavored and are usually denied unless there is showing of prejudice to the moving party.") (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381, at 421-22 (3d ed. 2004)). The burden of proof on a motion to strike lies with the moving party. *Haught v. Louis Berkman, LLC*, 377 F. Supp. 2d 543, 548 (N.D.W. Va. 2005).

In addition, where, as here, more than 21 days have passed after service of an initial pleading, Rule 15(a)(2) permits a party to amend a challenged pleading only with written consent or leave of court. Fed. R. Civ. P. 15(a)(2). The rule further provides that the court "should freely give leave when justice so requires." *Id.* Rule 15 is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on

technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *Intown Props. Mgmt., Inc. v. Transcom, Ins. Co.*, 271 F.3d 164, 170 (4th Cir. 2001) (holding that Rule 15 should be construed liberally "so that claims can be adjudicated on the merits"). Leave to amend is to be granted in the absence of "bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (internal citations omitted).

Here, as noted, plaintiff contends that defendant's amended answer impermissibly included substantive amendments to the prior answers and thereby exceeded the scope of permission granted in the 1 December 2016 Order. The court agrees that defendant should have sought leave of court before altering his answer beyond correction of the enumerated deficiencies. The court finds, however, that the lack of demonstrated bad faith, undue prejudice to plaintiff, or futility of the amendments made warrants denial of plaintiff's motion to strike. Moreover, at this point, it would be inefficient to strike the amended answer and essentially require defendant to file a motion to amend his answer that the record already shows is meritorious.

The court emphasizes that it is not basing its ruling on plaintiff's pro se status. Rather, its decision is grounded on the unique circumstances presented, including in particular the liberal policy of amendment of pleadings under Rule 15. The court again reminds defendant that his pro se status does not excuse him from compliance with the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure, the court's orders, and any other provisions of law applicable to this case.

## Conclusion

For the reasons set forth, plaintiff's motion to strike (D.E. 13) is DENIED. Defendant's answer (D.E. 11) shall be deemed a permitted filing.

SO ORDERED, this 11th day of August 2017.

James E. Gates
United States Magistrate Judge