IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:16-CV-336-BR

| | | |
|---|---|---|
| ARAMARK UNIFORM & CAREER APPAREL, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| DAVID A. HERNANDEZ, | ) ) ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 20) by plaintiff Aramark Uniform & Career Apparel, LLC ("plaintiff") to compel defendant David A. Hernandez ("defendant"), who is proceeding pro se, to respond to plaintiff's requests for production of documents, to deem its requests for admission admitted, and to award it the expenses it incurred on its motion. For the reasons set forth below, the motion will be denied in part and allowed in part.

**I.     BACKGROUND**

This case arises from defendant's alleged breach of his employment agreement with plaintiff. *See generally* Compl. (D.E. 1). Specifically, plaintiff alleges that while employed with it, defendant accepted a position with one of plaintiff's competitors without notifying plaintiff. *Id.* ¶¶ 17-18. Following termination of his employment agreement, defendant signed a severance agreement entitling him to a severance payment, reaffirming non-disclosure restrictions, and agreeing to noncompete provisions. *Id.* ¶¶ 28, 31, 32. Plaintiff contends that defendant breached the terms of the severance agreement. *Id.* ¶¶ 30, 34.

In its complaint, plaintiff asserts claims for breach of contract for violation of the employment agreement (*id.* ¶¶ 35-38); breach of contract for violation of the severance agreement

(*id.* ¶¶ 39-42); breach of fiduciary duty (*id.* ¶¶ 43-48); breach of implied covenant of good faith and fair dealing (*id.* ¶¶ 49-53); unjust enrichment (*id.* ¶¶ 54-59); constructive fraud (*id.* ¶¶ 60-63); fraud (*id.* ¶¶ 64-69); fraudulent inducement (*id.* ¶¶ 70-77); and violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75.1-1 *et al.* (*id.* ¶¶ 78-81). Defendant denies the material allegations of the complaint. *See generally* Ans. (D.E. 11).

On 24 February 2017, plaintiff served on defendant its first requests for production of documents (D.E. 21-1), and on 7 March 2017, it served on defendant its first set of requests for admission (D.E. 21-2). The discovery requests were returned to plaintiff as undeliverable, and on 22 May 2017, plaintiff's counsel contacted defendant by email and provided additional copies of the discovery requests. Mot. ¶ 4. As of the date the instant motion was filed, 19 July 2017, defendant had not responded to the requests for production of documents or requests for admission. *Id.* ¶ 9. On 24 July 2017, defendant filed with the court his answers to the requests for admission (D.E. 24) and on 22 August 2017, he filed his responses to the requests for production of documents (D.E. 26). On 27 October 2017, he filed an amended response to the requests for production of documents (D.E. 27).

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents and requests for admission. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

> expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Requests for admission served pursuant to Rule 36 are designed to narrow the range of issues for trial, and the rule provides that a party may serve any other party with a request for the admission of the truth of any relevant matter that relates to statements, opinions of fact, or the application of law to fact. Fed. R. Civ. P. 36(a)(1); *Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D.W. Va. 2010) ("'Rule 36(a)'s primary purposes are to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.'" (quoting *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*

246 F.R.D. 522, 531 (S.D.W. Va. 2007) (internal citations omitted))). Rule 36 specifies the consequences of not serving timely responses:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). Rule 37 requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*(a)(1). Similarly, Local Civil Rule 7.1(c) requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell,* No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel which did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

In addition, Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

4

## III. DISCUSSION

### A. Requests for Production

As indicated, plaintiff seeks, in part, a directive compelling defendant to serve a response to its first set of requests for production. Plaintiff, though, has already obtained this relief. As indicated, since the filing of plaintiff's motion, defendant has served his response to the production requests. His response contains a response to each individual production request, otherwise meets the requirements of Rule 34(b)(2)(B)-(E), and is duly executed pursuant to Rule 26(g)(1). Therefore, the portion of plaintiff's motion seeking to compel a response to its first set of requests for production of documents is DENIED AS MOOT.

### B. Requests for Admission

Plaintiff has also failed to show its entitlement to an order deeming its first set of requests for admission admitted. While Rule 36 provides that a request for admission is admitted if a party fails to timely serve a written answer or objection to it, a court has discretion to find such a request not to be admitted, which may be especially warranted in cases involving pro se litigants. *See Wright v. Thomas*, 5:14-cv-85-BO, 2016 WL 44090631, at *1 (E.D.N.C. 24 Aug. 2016) (deferring ruling on motion to deem requests for admission admitted to allow pro se plaintiff an additional opportunity to respond with a warning of consequences for failure to comply); *Simmons-Blount v. Guilford Cty. Bd. of Educ.*, No. 1:06-CV-944, 2009 WL 962266, at *4 (M.D.N.C. 7 Apr. 2009) ("Where pro se litigants are involved, however, courts have been reluctant to grant summary judgment upon a failure to respond to requests for admission without first giving the pro se litigant notice and an opportunity to be heard on the issue."); *Jones v. Jack Henry & Assocs., Inc.*, No. 3:06cv428, 2007 WL 4226083, at *2 (W.D.N.C. 30 Nov. 2007) (declining to deem unanswered requests admitted where there was no evidence in the record that pro se plaintiff was ever notified

of the consequences of failing to respond); *see also In re Savage*, 303 B.R. 766, 773 (D. Md. 2003) ("Federal Rule of Civil Procedure 36 was not intended to be used as a technical weapon to defeat the rights of pro se litigants to have their cases fairly judged on the merits."). In light of defendant's service of answers to the requests for admission, there being no evidence that defendant was aware of the consequences of a failure to timely respond, and the interest in allowing the case to proceed on the merits, the court declines to deem the admission requests admitted. *See Anderson v. Crandell's Enters., Inc.*, No. 5:15-cv-272-BO, 2017 WL 657461, at *1 (E.D.N.C. 16 Feb. 2017) (declining to deem admission requests admitted due, in part, to the interest in resolving disputes on the merits). The portion of plaintiff's motion seeking to have its first set of requests for admission deemed admitted is therefore DENIED.

**C.     Expenses**

The final element of relief plaintiff seeks is the award of the reasonable expenses, including attorney's fees, incurred in filing its motion to compel. The record as currently developed shows that plaintiff is entitled to the award. While the substantive relief plaintiff sought by his motion is being denied, there is no question that plaintiff was justified in filing the motion. At the time the motion was filed, defendant had not responded to either plaintiff's production requests or admission requests in clear violation of his obligations under Rules 34 and 36. Moreover, plaintiff made a good faith effort to resolve the matter before filing its motion to compel. In addition, it was only after plaintiff had filed its motion that defendant produced the requisite responses. Lastly, defendant did not respond to plaintiff's motion, signifying that he does not contest the award of expenses.

The court therefore preliminarily ALLOWS plaintiff's request for expenses. Nonetheless, before making a final determination on awarding plaintiff expenses, the court will provide

defendant an additional opportunity to be heard with respect to the award. At the same time, the court will require submission of information by plaintiff on the amount of expenses it seeks.

Accordingly, plaintiff shall file by 14 February 2018 an affidavit setting out the reasonable attorney's fees and other expenses it claims, along with a supporting memorandum and any other supporting documents. **Defendant may file a response to plaintiff's submission within 14 days after the submission is filed. Defendant may address in his response not only the reasonableness of the expenses claimed by plaintiff, but also any grounds upon which he contends expenses should not be awarded to plaintiff. If defendant does not timely file a response to plaintiff's submission, the court will deem him to have no objection to either the court awarding plaintiff expenses on its motion to compel or the amount of expenses plaintiff claims.** The court will thereafter enter an order setting the amount due and the deadline for payment.

## IV. CONCLUSION

In summary, for the reasons and on the terms set forth above, IT IS ORDERED as follows:

1. The portion of plaintiff's motion seeking to compel responses to its first set of requests for production of documents is DENIED.

2. The portion of plaintiff's motion seeking to have its requests for admission deemed admitted is DENIED.

3. The portion of plaintiff's motion seeking an award of expenses is preliminarily ALLOWED.

SO ORDERED, this 31st day of January 2018.

_____
James E. Gates
United States Magistrate Judge